**IN THE IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DESHAWN HAGLER, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HARVEY, | ) | |
| UNKNOWN HARVEY POLICE | ) | |
| OFFICERS | ) | |
| In their individual capacities, | ) | |
| UCHICAGO MEDICNE INGALLS | ) | |
| MEMORIAL, UNKNOWN INGALLS | ) | |
| MEMORIAL SECURITY OFFICERS in their | ) | |
| individual capacities | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Deshawn Hagler (hereinafter, "Plaintiff"), for his complaint against Defendants City of Harvey, a municipal corporation, Unknown Harvey Police Officers, UChicago Medicine Ingalls Memorial Hospital and Unknown Ingalls Memorial Hospital Security Officers state the following:

**CAUSE OF ACTION**

1.    This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the Fourth Amendments to the United States Constitution, and under the law of the state of Illinois, against the City of Harvey, Unknown Harvey

Police Officers (hereinafter "Defendant Officers"), UChicago Medicine Ingalls Memorial Hospital and Unknown Ingalls Memorial Hospital Security Officers (hereinafter "Defendant Security Officers").

2. On June 14th, 2020, Defendant Officers and Defendant Security Officers unlawfully and without justification viciously attacked Plaintiff, while Plaintiff was trying to receive treatment in the Emergency Room of UChicago Medicine Ingalls Memorial Hospital.

3. At some point after their vicious attack, Defendant Officers and Defendant Security Officers engaged in a cover up by holding and arresting Plaintiff, and charged him with two counts of Battery, Criminal Trespass to Real Property and Assault; charges that would all be later dismissed in criminal court.

4. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City of Harvey, Illinois.

5. As a result of the misconduct of the defendants, Plaintiff suffered severe personal, physical, and emotional injuries.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

7.      This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

## PARTIES

9.      The Plaintiff, DeShawn Hagler is a United States citizen and a resident of the State of Illinois, County of Cook.

10.     At all relevant times herein referenced, Defendant Officers were employed by the City of Chicago as sworn police officers. They are being sued in their individual capacities. At the time of the incident in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of state law.

11.     At all relevant times herein referenced, Defendant Security Officers were employed and or/agents of the UChicago Ingalls Memorial Hospital as security officers.  They are being sued in their individual capacities.   At the time of the incident in this Complaint, Defendant Security Officers were engaged in conduct complained of while acting within the scope of their employment and under the color of law.

12.     At all relevant times herein, Defendant, City of Harvey, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of the Defendants Officers.

**BACKGROUND**

13.    On June 14, 2020, Deshawn Hagler, the Plaintiff, hardworking tradesman and loving uncle, son and brother went to the Emergency Room of UChicago Medicine Ingalls Memorial located at 1 Ingalls Dr. Harvey, Illinois 60426 to receive treatment.

14.    Soon after arriving in the Emergency Room, the Plaintiff was put into a separate room in order to received treatment.

15.    After receiving treatment, the Plaintiff patiently waited for his discharge papers and final instructions.

16.    While awaiting discharge paperwork, The Plaintiff asked what he assumed to be a Nurse for a band aid and/or ointment for small cuts he received on his fingers that day while playing with his niece.

17.    The Nurse did not assist the Plaintiff with his cuts.

18.    The Plaintiff received his discharge papers.  As the Plaintiff was leaving, he asked for the nurse that would not assist him name.  The nurse refused and without notice several Defendant Security Guards appeared.

19.    At no time did the Plaintiff engage in any conduct whatsoever with the aforementioned nurse or any hospital at the hospital to warrant physical removal or the use of force, especially excessive force by members of the Harvey Police Department and by members of the UChicago Medicine Ingalls Memorial Security.

20.     At no time ever was the Plaintiff engaged in any criminal activity while at the

UChicago Medicine Ingalls Memorial Hospital.  Nor was the Plaintiff obstructing

or threatening any of the Harvey Police Department or UChicago Medicine

Ingalls Memorial Hospital Security.

### UNPROVOKED ATTACKED OF PLAINTIFF

21.     Several Defendant Security Officers descended upon the Plaintiff and almost

immediately forcibly grabbed the Plaintiff.

22.     Several Defendant Security Officers grab the Plaintiff by his collar causing great

pain to his shoulders and neck. Defendant Security Officers then spin the Plaintiff

around.

23.     After the Plaintiff is spun around Defendant Security Officers, Defendant Security

Officers swiftly push the Plaintiff's head into the a hard counter, slamming with

chin against a counter which caused dental damage and head pain.

24.     As the Plaintiff had his head slammed into a counter and is being forcibly folded

in half, his thumbs on both hands are being twisted causing excruciating pain and

simultaneously being punched in his back with a closed fist several times and

struck in his back with a forearm several times. During this time Defendant

Security Officers are screaming at the Plaintiff and threating him with further

excessive force.

25.     After being beaten, handcuffs are placed tightly on the wrist of the Plaintiff

digging into his skin and leaving marks on both wrists.

26. After the Plaintiff was handcuffed with his hands behind his back, he is completely defenseless and physically impossible for the Plaintiff to be a threat, the Plaintiff is punched in the face with a closed fist by one of the Defendant Security Officers causing severe damage to his eye.

27. After being punched in the face while being defenseless, the Plaintiff is then drug to a Defendant Security Officer's squad car and forcibly thrown into a squad car.

28. While in the Defendant Security Officer squad car, the Plaintiff sat and waited as instructed by the Defendant Security Officers. As the Plaintiff sat in the car he was in pain and had visible injures but received no treatment. Yet instead of receiving treatment the Defendant Security Officers berated the Plaintiff and continually threatened him with further abuse.

29. While the Plaintiff was sitting in a Defendant Security Officer squad car, handcuffed behind his back, a door suddenly opened, and the Plaintiff was punched in the face again with a closed fist by a Defendant Security Officer.

30. Unconceivably, the beating worsened for the Plaintiff after being punched in the face a second time.

31. One of the Defendant Security Officer squad doors opened, and the Plaintiff was old to exit the vehicle. As the Plaintiff complied and proceeded to exit the squad, the other rear door opened, and a Defendant Security Officer grabbed the Plaintiff by his shoulders pulling him down flat across the backseat of the squad vehicle.

32. While the Plaintiff laid on his back on top of his handcuffed handed a Defendant Security Officer pulled down the Plaintiff's mask and stuck both of his fingers in both nostrils of the Plaintiff cutting off breathing through his nose.

33.     While air was being cut off from the Plaintiff's nose, simultaneously another Defendant Security Officer choked the Plaintiff around his neck.

34.      The Plaintiff could not breath and felt as though he may die.  The Plaintiff believed his life would end at this as his life was slowly being choked away by the Defendant Security Officers.

35.     After being drug, pushed, punched and choked the Plaintiff was simply tossed on the ground like a piece of trash once the Harvey Police arrived.

36.     Yet the Harvey Police were no saviors. The Defendant Officers simply scooped the Plaintiff off the ground by the handcuffs, placed new handcuffs on the Plaintiff tightly causing pain and threw him into their squad car to be taken to the Harvey Police Department.

## THE AFTERMATH OF THE VICIOUS ATTACK

37.     The Plaintiff was charged him with two counts of Battery, Criminal Trespass to Real Property and Assault.

38.     The Plaintiff had visible injuries and repeatedly told the Defendant Officers about the beating he received from the Defendant Security Officers to no avail.

39.     The Plaintiff was placed in jail cell and charged with several crimes he did not commit the attempt to cover the malfeasance and criminal activity of the Defendant Security Officers.

40.     The Plaintiff had to pay a monetary bond in order to be released from the custody of the Harvey Police Department.

41.     In the beginning stages of the novel Covid-19 virus, the Plaintiff was man handled by several people, had his masked pulled down, fingers stuck in his nose but then

had to stay in a holding cell in a police station.  This all occurred before little was known about the virus and no vaccine was available.

42.     The charges were not completely dismissed till 2021.

43.     Furthermore one of the Defendant Security Guards were rightfully charged with Battery to the Plaintiff for punching him in the face.

44.     The Plaintiff's charges were dismissed without an apology or explanation.

45.     The Plaintiff has endured and continue to endures lasting physical and emotional injuries related to the vicious attack.  The Plaintiff has suffered permeant damage to his arm, the impact of which caused a devasting blow to his working and performing simple everyday functions.


**HARVEY POLICE DEPARTMENT PRACTICE OF DECIET AND COVER UP**

46.     The Harvey Police Department not properly investigating and helping to cover the direct violation of the Plaintiff's constitutional rights was by no means in a vacuum.

47.     It has been well documented via various matters in this court both criminal and civil that a culture of corruption continues to be pervasive as a matter of policy for the Harvey Police Department.

48.     This incident exemplifies Harvey's willingness to extend their evil ring of influence outside of their own department to assist other law enforcement types hide their criminal activity as well.

49.     Even though obvious evidence of criminal activity by the Defendant Security

        Officers was present, the Harvey Police Department immediately arrested and

        violated the constitutional rights of the Plaintiff.

50.     As a direct and proximate result the willful, wanton and malicious actions of the

        Defendant Security Officers and Defendant Officers, the Plaintiffs suffered the

        following injuries and damages:

        a.  Violation of his constitutional right under the Fourth Amendment to the

            United States Constitution;

        b.  Loss of his physical liberty;

        c.  Psychological abuse, mental coercion, physical injury and pain; and

        d.  Mental and emotional trauma.

51.     At all relevant times, all Defendant Security Officers and Defendant Officers were

        acting under the color of state law and under color of authority as police officers,

        employees, and agents or servants of the City of Harvey, Illinois and the

        University of Chicago and/or Ingalls Hospital.


## COUNT 1

### 42 U.S.C. §1983—Unlawful stop/ False Arrest and Excessive Force, all in violation of the Fourth Amendment (Against Defendant Officers)

52.     Each paragraph of this Complaint is incorporated as if restated fully herein.

53.     At the time of the complained of events, Plaintiff had a clearly established

        constitutional right under the Fourth Amendment to be secure in his person from

        unreasonable seizure through excessive force, false arrest or an unlawful stop.

54. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

55. Defendant Officers actions and use of force as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were taken intentionally and with willful indifference to the constitutional rights of the Plaintiff.

56. Defendants Officers actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

57. Defendant Officers' actions of picking up Plaintiff off the ground by his handcuffs, placing tight handcuffs on his wrists, forcibly placing him in a Harvey Police squad car, not investigating the cause of the Plaintiff's very visible injuries and not investigating allegations thereby forming their own probable cause all constituted an unreasonable stop and seizure lacking in probable cause and thereby unreasonably restraining the Plaintiff of his freedoms.

58. As a direct and proximate consequence of said conduct of Defendants Officers, Plaintiff suffered violations of his constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

## COUNT II

### 42 U.S.C. §1985—Conspiracy to violate the Plaintiff's Fourth Amendment Right
### (Against Defendant Officers)

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60.     Upon information and belief, some of the Defendant Officers conspired to deprive the Plaintiff of his constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

61.     In planning and executing the violent and unreasonable apprehension of the Plaintiff and covering up the crimes of the Defendant Security Officers, some of the Defendant Officers acted in furtherance of that conspiracy and violated the Plaintiff's constitutional rights contrary to § 1985.

62.     For instance, some of the Unknown Defendant Officers charged Plaintiff with several crimes in an attempt to cover up and justify the Defendant Security Officers violent and vicious attacks on the Plaintiffs as well the subsequent inappropriate behavior of the Defendant Officers.

63.     As a direct and proximate consequence of said conduct of the Unknown Defendant Officers, the Plaintiff suffered violations of his constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

### COUNT III

**42 U.S.C. §1986—Failure to Intervene**
**(Against Defendants Officers).**

64.     Each paragraph of this Complaint is incorporated as if restated fully herein.

65.     Other Unknown Defendant Officers had an affirmative duty to prevent the conspiracy as stated in Count II of this complaint, and its furtherance against the Plaintiffs under 42 U.S.C. § 1986.

66.     Upon information and belief, some of the as-yet-Unknown Harvey Police Officers stood by and stood watch as other Unknown Harvey Police Officers failed to

investigate and used excessive force in an unlawful arrest thereby depriving the Plaintiff of his constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

67. That these Unknown Harvey Police Officers had a reasonable opportunity to prevent this harm and unlawful arrest to Plaintiff but failed to do so.

68. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as severe emotional distress.

69. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

70. The above acts and omissions of the Defendant Officers violated the Plaintiff's rights as described in this Count.

71. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of his constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**COUNT IV**
**42 U.S.C. §1986—Monell Claims**
**(Against City of Harvey).**

72. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

73. Almost since the inception of the city of Harvey a formerly factory-based town has been embroidered in controversy stemming from deep seeded corruption and mismanagement.

74. The Harvey Police Department has cultivated a culture of deceit that has produced several indicted officers in a city with a population less than 25,000 people.

75. The incidents described in the preceding paragraph demonstrate that it was the express or implied policy and/or custom of the City of Harvey to use extraordinary, unjustified excessive force and deceit in any area in which a local mistake had to be covered up and hid.

76. The incidents described in the preceding paragraph also demonstrate that the police were instructed to attempt to protect the integrity of the hospital regardless of citizens' constitutional rights. Additionally, Harvey police officers knew that they would not face discipline for abusing or disregarding the constitutional rights of Citizens.

77. The above described polices and customs demonstrate a deliberate indifference on the part of the City of Harvey, to the constitutional rights of persons within Cook County and were the cause of the violations of the Plaintiff's rights alleged herein.

**COUNT V**
**State Law Claim—Intentional Infliction of Emotional Distress**
**(Against Defendant Officers, Defendant Security Officers, City of Harvey &**
**UChicago Medicine Ingalls Memorial)**

78. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

79. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, as is more fully alleged above.

80.    Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress.

81.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

82.    In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Harvey Police Department acting at all relevant times within the scope of employment and under color of law.

83.    Defendant City of Harvey is liable as principal for all torts committed by its agents including the Harvey police Department.

84.    In consequence thereof, Defendant City of Harvey is liable to Plaintiffs under Illinois law, pursuant to the doctrine of *respondeat superior*.

85.    As a proximate result of Defendant's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

86.    The acts and conduct of the Defendant Security Officers as set forth above were extreme and outrageous. The Defendant Security Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, as is more fully alleged above.

87.    Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress.

88. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

89. In committing the acts alleged in the preceding paragraphs, each of the Defendant Security Officers were members of, and agents of, the UChicago Medicine Ingalls Memorial Hospital Security acting at all relevant times within the scope of employment and under color of law.

90. Defendant UChicago Medicine Ingalls Memorial is liable as principal for all torts committed by its agents including the security officers.

91. In consequence thereof, Defendant UChicago Medicine Ingalls Memorial is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

92. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT VI
## State Law Claim—Battery
**(Against Defendant Officers, Defendant Security Officers, City of Harvey & UChicago Medicine Ingalls Memorial)**

93. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

94. The actions of the unknown Defendant Officers in using excessive force and as described in the preceding paragraphs, were undertaken intentionally, without the consent and against the will of the Plaintiff and resulted in harmful and/ or offensive contact with the bodies of the Plaintiff.

95. The actions of the unknown Defendant Officers constituted battery against the Plaintiff under Illinois law and were undertaken without legal justification.

96. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Harvey Police Department acting at all relevant times within the scope of employment and under color of law.

97. Defendant City of Harvey is liable as principal for all torts committed by its agents including the Harvey Police Department.

98. In consequence thereof, Defendant City of Harvey is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior.*

99. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

100. The actions of the unknown Defendant Security Officers in ambushing and attacking the Plaintiff and as described in the preceding paragraphs, were undertaken intentionally, without the consent and against the will of the Plaintiff and resulted in harmful and/ or offensive contact with the bodies of the Plaintiff.

101. The actions of the unknown Defendant Security Officers constituted battery against the Plaintiffs under Illinois law and were undertaken without legal justification.

102. In committing the acts alleged in the preceding paragraphs, each of the Defendant Security Officers were members of, and agents of, UChicago Medicine Ingalls Memorial acting at all relevant times within the scope of employment and under color of law.

103. Defendant UChicago Medicine Ingalls Memorial is liable as principal for all torts committed by its agents including the security.

104. In consequence thereof, Defendant UChicago Medicine Ingalls Memorial is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

105. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**COUNT VII**
**State Law Claim—Assault**
**(Against Defendant Officers, Defendant Security Officers, City of Harvey &**
**UChicago Medicine Ingalls Memorial)**

106. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

107. The actions of the unknown Defendant Officers in using excessive force against the Plaintiff as described in the preceding paragraphs placed the Plaintiffs in reasonable apprehension of receiving imminent physical harm or contact.

108. The actions of the unknown Defendant Officers constituted assault against the Plaintiff under Illinois law and were undertaken without legal justification.

109. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Harvey Police Department acting at all relevant times within the scope of employment and under color of law.

110. Defendant City of Harvey is liable as principal for all torts committed by its agents including the Harvey Police Department.

111. In consequence thereof, and as it pertains to Count IV, Defendant City of Harvey is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

112.   As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

113.   The actions of the unknown Defendant Security Officers in attacking the Plaintiff as described in the preceding paragraphs, suddenly opening doors, screaming at and threatening the Plaintiff, placed the Plaintiff in reasonable apprehension of receiving imminent physical harm or contact.

114.   The actions of the unknown Defendant Security Officers constituted assault against the Plaintiff under Illinois law and were undertaken without legal justification.

115.   In committing the acts alleged in the preceding paragraphs, each of the Security Defendant Officers were members of, and agents of, the UChicago Medicine Ingalls Memorial security acting at all relevant times within the scope of employment and under color of law.

116.   Defendant UChicago Medicine Ingalls Memorial is liable as principal for all torts committed by its agents including the security.

117.   In consequence thereof, Defendant UChicago Medicine Ingalls Memorial is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

118.   As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**COUNT VIII**
**State Law Claim—False Imprisonment**
**(Against Defendant Officers, Defendant Security Officers, City of Harvey &**
**UChicago Medicine Ingalls Memorial)**

119.   Each of the Paragraphs of this Complaint is incorporated as if restated fully
herein.

120.   The actions of the unknown Defendant Officers in using excessive force against
the Plaintiff as described in the preceding paragraphs, and forcefully arresting the
Plaintiff, caused a restraint of the Plaintiff without reasonable grounds to believe
that the Plaintiff was committing an offense.

121.   The actions of the unknown Defendant Officers constituted false arrest
against the Plaintiff under Illinois law and were undertaken without probable
cause.

122.   In committing the acts alleged in the preceding paragraphs, each of the Defendant
Officers were members of, and agents of, the Harvey Police Department acting at
all relevant times within the scope of employment and under color of law.

123.   Defendant City of Harvey is liable as principal for all torts committed by its
agents including the Harvey Police Department.

124.   In consequence thereof, Defendant City of Harvey is liable to Plaintiffs under
Illinois law, pursuant to the doctrine of *respondeat superior*.

125.   As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages,
including severe emotional distress and anguish, as is more fully alleged above.

126.   The actions of the unknown Defendant Security Officers in ambushing the
Plaintiff as described in the preceding paragraphs, punching, and hitting the
Plaintiff and forcefully arresting the Plaintiff, caused a restraint of the Plaintiff

without reasonable grounds to believe that the Plaintiff was committing an offense.

127.   The actions of the unknown Defendant Security Officers constituted false arrest against the Plaintiff under Illinois law and were undertaken without probable cause.

128.   In committing the acts alleged in the preceding paragraphs, each of the Defendant Security Officers were members of, and agents of the UChicago Medicine Ingalls Memorial acting at all relevant times within the scope of employment and under color of law.

129.   Defendant UChicago Medicine Ingalls Memorial is liable as principal for all torts committed by its agents including the security.

130.   In consequence thereof, Defendant UChicago Medicine Ingalls Memorial is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

131.   As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**COUNT IX**
**Indemnification Pursuant to 745 ILCS 10/9-102**
**(Against the City of Harvey)**

54.   Each paragraph of this Complaint is incorporated as if restated fully herein.

55.   The misconduct of all Defendants Officers were committed in the scope of their employment with the Defendant City of Harvey.

56.   Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Harvey is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants Officers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand the following relief, jointly and severally, against all the Defendants:

A.      Compensatory damages with respect to all counts.

B.      Punitive damages with respect to all Defendant Officers and Defendant Security Offivers in their individual capacities.

C.      Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D.      Such other and further relief as this Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the

Constitution of the United States, as to all claims for damages.

Respectfully submitted,

/s/ *Shay T. Allen*

Shay T. Allen
S.T. Allen Law, P.C.
314 N. Loomis St.,
Suite G2
Chicago, IL 60607
Tel: (708) 960-0113
Fax: (708) 575-1778
Attorney No: 6285625
email: sallen@attorneyshaytallen.com