**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DESHAWN HAGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 03128 |
| | ) | |
| CITY OF HARVEY, | ) | Judge John J. Tharp, Jr. |
| UNKNOWN HARVEY POLICE | ) | |
| OFFICERS in their individual | ) | |
| capacities, INGALLS MEMORIAL | ) | |
| HOSPITAL, and UNKNOWN | ) | |
| INGALLS MEMORIAL HOSPITAL | ) | |
| SECURITY OFFICERS in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

For the reasons set forth in the Statement below, the motion to dismiss [13] is granted. Plaintiff is granted leave to amend by March 25, 2026.

**STATEMENT**

**Background**

Plaintiff DeShawn Hagler visited the emergency room at Ingalls Memorial Hospital on June 14, 2020 to receive care for an unspecified ailment. Hagler claims that, as he was being discharged, several hospital security guards violently accosted him without explanation. He alleges that they placed him in handcuffs and proceeded to punch him, choke him, and threaten further physical violence. At some point during the altercation, police officers for the City of Harvey arrived on the scene. They arrested Hagler and charged him with assault, battery, and criminal trespass. The charges have since been dismissed. Hagler contends that the City refuses to investigate the incident because it is covering up for the hospital.

On June 14, 2022, Hagler commenced this action against the City, Ingalls Memorial Hospital, unnamed defendant police officers, and unnamed defendant security guards. His complaint sets forth eight theories of liability: Counts I-III seek to hold the defendant police officers liable in their individual capacities for violations of Hagler's Fourth Amendment rights;

Count IV seeks to hold the City liable for those violations; and Counts V-VIII seek to hold all defendants liable for various state law torts.[1] The City now moves to dismiss.

## Discussion

Hagler and the City appear to agree that Counts I-III and V-VIII are time-barred.[2] Thus, Counts I-III are dismissed with prejudice, as are Counts V-VIII with respect to the City and defendant police officers. Hagler and the City disagree, however, as to (1) the timeliness of Hagler's *Monell* claim, and (2) whether Hagler has plausibly alleged the existence of a municipal policy or custom.

**I.    Statute of Limitations**

When adjudicating a § 1983 claim, a federal court applies the statute of limitations period for personal injury actions in the state in which it sits. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In Illinois, that period is two-years. 723 ILCS § 5/13-202. Thus, assuming that Hagler's claim against the City accrued on the date of the underlying incident (June 14, 2020), Hagler was required to commence his action by June 14, 2022. He filed suit on that very date. The City acknowledges as much but nevertheless insists that Hagler's *Monell* claim is time-barred. It contends that, because Hagler cannot pursue his claims against the defendant officers in their individual capacities, he cannot state a claim against the City itself.

That argument has no foundation in the law. The parties correctly recognize that Hagler's claims against the individual officers must be dismissed because the officers remain unidentified, and any amendment supplying their identity would not relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(3). *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (explaining that anonymous placeholders "do not open the door to relation back under [Rule 15]"); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'"). That said, the fact that any such amendment would be time-barred does not affect Hagler's claim against the City. As the Seventh Circuit has explained, "individual liability is not a prerequisite for a *Monell* claim." *Burton v. Ghosh*, 961 F.3d 960, 972 (7th Cir. 2020). Indeed, a plaintiff may bring a *Monell* claim without suing any individual defendant at all. Here, it is undisputed that Hagler filed his claim against the City within the applicable statute of limitations period. Thus, the claim is timely.

---

[1] Count IX ("Indemnification Pursuant to 745 ILCS 10/9-102") is not a legal theory of recovery, but rather a restatement of Illinois law. To the extent that Hagler presents Count IX as a distinct theory, it is dismissed with prejudice.

[2] The applicable statutes of limitations are two years for claims brought pursuant to § 1983 (Count I) and § 1985(3) (Count II), s*ee Wilson v. Giesen*, 956 F.2d 738, 741 & n.4 (7th Cir. 1992), and one year for claims brought pursuant to § 1986 (Count III). The statute of limitations for tort claims against local government entities and employees in Illinois is one year (Counts V-VIII). *See* 745 ILCS 10/8-101.

## II. Municipal Action

The Court now considers whether Hagler has plausibly alleged conduct that is "properly attributable to the municipality itself." *See First Midwest Bank v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Municipal action is a critical element of any *Monell* claim because § 1983 does not impose respondeat superior liability on municipalities. A plaintiff seeking to establish municipal liability must show that his constitutional injury was caused by "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011).

Hagler has failed to make that showing. Hagler does not allege that the City has an express policy of using excessive force, or a policy that derives from a decision by a municipal official with final policymaking authority. He asserts instead that the City has a well-known "culture of corruption" and that the police department has an "implied policy and/or custom of [using] extraordinary, unjustified excessive force in any area in which a local mistake had to be covered up." *See* Compl. ¶¶ 74-75. These kinds of "factually-unsupported, boilerplate allegation[s]" are routinely dismissed by courts in this district. *See Maglaya v. Kuminga*, No. 14 C 3619, 2015 WL 4624884, at *5 (N.D. Ill. Aug. 3, 2015) (collecting cases). What's more, Hagler offers no facts to support this claim beyond his own incident. "While it is not impossible for a plaintiff to demonstrate a widespread practice or custom with evidence limited to personal experience, it is necessarily more difficult . . . because what is needed is evidence that there is a true municipal policy at issue, not a random event." *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (cleaned up). Dismissal is proper here.

## III. Conclusion

For the foregoing reasons, the motion to dismiss [13] is granted. Plaintiff may file an amended complaint by March 25, 2026. Failure to timely amend will result in dismissal of this case.

Date: February 24, 2026

John J. Tharp, Jr.
United States District Judge